IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3186-BO

| | |
|---|---|
| ZACHARY NATHANIEL POLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CUMBERLAND COUNTY ) | |
| DETENTION CENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Zachary Nathaniel Poling ("plaintiff") filed this civil rights action pro se pursuant to 42 U.S.C. § 1983. Plaintiff was a pretrial detainee at the Cumberland County Detention Center when he filed this action. The matter now is before the court for an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis ... in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis

. . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff alleges as follows:

> On June 8, 2023, Officer Watkins issued razors at 7:05 p.m. Myself and 5 others started to shave when inmate Brad Donahue noticed razor was pre-used [and] dirty. Officer Watkins checked the rest of unissued razor to acknowledge they were pre-used. [S]he then recalled the other razors after it was to let and we already began to shave. New razor were later produced. Higher officers were notified and a report was made of the incident.
>
> Cumberland County Detention Center showed negligence, health [and] life threatening well being, bio-hazards, medical malpractice. The housing pod [] is a low bond pod w[h]ere homeless people and drug users are constantly in and out, and a lot of them carry diseases or ha[ve] infections such as staff infection, hep C, AIDS.
>
> Cumberland County staff [and] medical staff received multiple grievances about the incident, to start [our] Due Process we explained to the seriousness of this and request medical attention, but I also wanted legal action to be taken. Due to the low quality of the razors and my fragile skin, I get cut and draw blood every time I shave.
>
> On June 15th 2023 at 11:00am -1:00pm Cumberland County medical staff came to draw blood myself and others refused treatment until legal representation [and counsel] had been appointed. Then at around 2:30 pm June 15th 2023 a new set of medical staff came to test for AIDS, hep C, etc. Again myself and others refused until legal advice was given. The medical staff became angry and left.
>
> The next day on June 16th 2023 around 1:00 pm the Cumberland County Medical staff came again with paperwork for myself and others to sign that stated we refused treatment until legal advice was given. The nurse got mad[] again stated, "you do not know what your refusing to sign," I stated, ("Exactly why I want a lawyer present because I don't know what I'm signing,") Since then I've request copies of my grievances and the report for my records still have not h[eard] any response[.] Since June 8th I haven't shaved my face and

2

> I have blisters and bumps around my neck and lips. My injury is mental [and] emotional anguish, it's hard to sleep and I'm constantly stressing because I'm worried about my life and future. I don't know what blood born pathogens I may or may not have contracted. . . . .

((DE 1), pp. 5-7). As relief, plaintiff requests monetary damages and dismissal of his pending charges in the Cumberland County Superior Court. (Id. p. 9).

The only defendant plaintiff names is the Cumberland County Detention Center. Claims filed pursuant to § 1983 must be directed at persons. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because the Cumberland County detention center is not a person, it is not a proper party to a § 1983 action. Therefore, this action is DISMISSED.

Even if plaintiff named a proper defendant, his action still is subject to dismissal. Specifically, plaintiff admits that detention center staff retrieved the alleged razors upon discovering they were used, and provided follow-up medical testing to determine whether any detainee had contracted a blood borne pathogen. Under these circumstances, plaintiff has alleged nothing more than negligence. It is well established that allegations of mere negligence are insufficient to state a claim under § 1983. See, Coleman v. Poff, 497 F. App'x 337, 338 (4th Cir. 2012); Williams v. Meirs, No. 1:16cv1330, 2017 WL 2684014, at *3 (E.D. Va. June 19, 2017) (dismissing run of the mill negligence claim for failure to state a § 1983 claim); Davis v. Phillips, No. 5:15cv48, 2017 WL 4682225, at *3 (E.D. Tex. May 5, 2017), adopting R&R, 2017 WL 4653449 (Oct. 16, 2017); Dowdy v. Troutt, No. 3:11-cv-1123, 2011 WL 6754076, at *4 (M.D. Tenn. Dec. 23, 2011). Thus, this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3

In summary, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 4 day of October, 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge

4

Case 5:23-ct-03186-BO-RJ   Document 15   Filed 10/04/23   Page 4 of 4